## SETTLEMENT AND RELEASE AGREEMENT

THIS SETTLEMENT AND RELEASE AGREEMENT (the "Agreement") is executed this 26th day of August, 2022, by and between James A. Overcash, not individually, but solely as Chapter 7 Trustee (the "Trustee") of Pinnacle Regional Hospital, Inc., Blue Valley Surgical Associates, Rojana Realty Investments, Inc. and Joy's Majestic Paradise, Inc. (the "Debtors") and LaBone, LLC, d/b/a Quest Diagnostics (the "Transferee"), with reference to the following:

### RECITALS

WHEREAS, on February 12, 2020 (the "Commencement Date"), Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the District of Kansas (the "Bankruptcy Court"); and

WHEREAS, on July 23, 2020, the Bankruptcy Court entered its Order Granting Trustee's Motion to Convert Jointly Administered Bankruptcy Cases to Chapter 7 of the Bankruptcy Code Pursuant to 11 U.S.C. § 1112; and

WHEREAS, on July 31, 2020, the Debtors' bankruptcy cases converted to cases under Chapter 7 of the Bankruptcy Code; and

WHEREAS, during the 90 days prior to the Commencement Date, Debtors made a payment to the Transferee in the collective sum of $22,323.04 ("Transfers"); and

WHEREAS, on or about February 11, 2022, the Trustee commenced this adversary proceeding by filing a complaint (the "Complaint") in which the Trustee alleged that the Transfers may be avoided and recovered as preferential transfers under 11 U.S.C. § 547(b) and, alternatively, as a fraudulent conveyance under 11 U.S.C. § 548, among other claims; and

WHEREAS, the Transferee denies liability to the Debtors for the Transfers; and

WHEREAS, to resolve all disputes between the Trustee and the Transferee arising under or related to the Complaint and Transfers, the Trustee and the Transferee have reached the agreement set forth herein.

NOW THEREFORE, for good and valuable consideration, the sufficiency of which is hereby acknowledged, and intending to be legally bound, the parties hereto agree as follows.

1. **Payment.** Upon execution of this Agreement by all parties hereto, no later than 5 P.M. prevailing central time fifteen (15) business days following the date this Agreement is approved by the Bankruptcy Court (the "Payment Deadline"), the Transferee shall remit to the Trustee by check or wire transfer the amount of $8,500.00 (the "Settlement Amount") in full and final satisfaction of any liability the Transferee may have arising out of or related to the causes of action set forth in the Complaint. Upon request, the Trustee shall provide to Transferee wire instructions for payment of the Settlement Amount. The Settlement Amount shall be delivered to the Trustee as follows:

JAMES OVERCASH, CH7 TRUSTEE FOR PRH INC. c/o Nicholas J. Zluticky

US.351604774.01

Stinson LLP
1201 Walnut, Suite 2900
Kansas City, MO 64106

2. **502(h) Claim.** Defendant waives and releases any claim it has, or may have, against the Trustee, the Debtors or Debtors' estates, whether filed or unfiled, under Section 502(h) of the Bankruptcy Code relating to the payment of the Settlement Amount. Any other claim previously filed by Transferee is unaffected by this Agreement.

3. **Release of Transferee.** Conditioned upon the execution of this Agreement and the timely receipt by the Trustee of the Settlement Amount on or before the Payment Deadline such that the Settlement Amount has cleared the Trustee's bank account, the Trustee, the Debtors, and their respective beneficiaries, shareholders, officers, directors, employees, agents, attorneys, affiliates, heirs, representatives, assigns, and others acting on their behalf (the "Trustee Parties") release, acquit, and forever discharge the Transferee and its shareholders, officers, directors, employees, agents, attorneys, affiliates, subsidiaries, heirs, representatives, assigns, and others acting on their behalf (the "Transferee Parties") from all causes of action, suits, controversies, claims, or demands whatsoever, which the Trustee Parties had, have, or may have, against the Transferee Parties arising out of or related to the Transfers, including but not limited to any claims under §§ 547-550 of the Bankruptcy Code.

4. **Release of Trustee.** Conditioned upon the execution of this Agreement, the Transferee Parties release the Trustee Parties from all causes of action, suits, controversies, claims, or demands whatsoever, which the Transferee Parties had, have, or may have against the Trustee Parties arising out of or related to the Transfers.

5. **Advice of Counsel.** The Trustee and the Transferee each hereby represent and warrant that: (a) execution of this Agreement is freely and voluntarily made after they have had the opportunity to seek advice of counsel engaged by them to review this Agreement and after they have reviewed this Agreement; and (b) they are not acting under coercion, duress, or any misapprehension as to the effect of this Agreement.

6. **Authority.** By executing this Agreement, the undersigned each represents and warrants to the other signatories and parties that: (a) they are duly authorized and empowered to execute and deliver this Agreement on behalf of each party on whose behalf they are signing; and (b) this Agreement constitutes the legal, valid and binding obligation of such party, enforceable against such party in accordance with its terms.

7. **Recitals.** The Trustee and the Transferee each acknowledge and agree that the Recitals to this Agreement are true and correct to the best of their knowledge and are incorporated herein by this reference.

8. **No Admission.** The Trustee and the Transferee hereby expressly agree and understand that nothing in this Agreement shall constitute any admission or acknowledgement of liability on the part of Transferee.

US.351604774.01

9. **Multiple Counterparts.** This Agreement may be executed in multiple counterpart originals, each of which shall constitute one and the same document and shall be deemed an original.

10. **Bankruptcy Court Approval.** In conjunction with the execution of this Agreement, the Trustee will file, in the bankruptcy cases, a motion (the "Motion") seeking entry of an order (the "Order") approving the compromises described herein pursuant to Fed. R. Bankr. P. 9019 and 11 U.S.C. §§ 502, 547, 548 and 550, and this Agreement is subject to entry of a final order (the "Final Order") in the bankruptcy cases approving this Agreement. The Order will be considered a Final Order if not subject to any timely appeal or motion for reconsideration. In the event that the Bankruptcy Court does not approve the Motion by entry of a Final Order, this Agreement shall be null and void and of no force and effect against either of the parties and any part of the Settlement Amount that has been paid shall be returned to Transferee. Promptly after the Order approving this Agreement becomes a Final Order, the Parties shall cause the Complaint to be dismissed with prejudice.

11. **Facsimile Execution.** This Agreement may be executed by facsimile signatures which shall be deemed to have the same force and effect as an original signature.

12. **Final Expression.** This Agreement represents a final expression of the understandings between the parties hereto and this Agreement may not be contradicted by evidence of any prior oral agreement or of a contemporaneous oral agreement or understanding between the parties hereto.

13. **No Amendments.** No amendments to this Agreement shall be effective unless such amendment is in writing and signed by all parties hereto.

14. **Severability.** Whenever possible, each provision of this Agreement will be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Agreement is held to be prohibited by or invalid under applicable law, such provision will be ineffective only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Agreement.

15. **Successors and Assigns.** This Agreement is binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns.

16. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Kansas.

17. **Headings.** The headings used in this Agreement are for convenience of reference only and do not constitute a part of this Agreement and shall not be deemed to limit, characterize or in any way affect any provision of this Agreement, and all provisions of this Agreement shall be enforced and construed as if no caption had been used in this Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date set forth above.

US.351604774.01

**JAMES A. OVERCASH**
*Not individually, but solely as Chapter 7 Trustee*

By: /s/ James A. Overcash
James A. Overcash

**FAEGRE DRINKER BIDDLE & REATH LLP**
*Attorneys for Defendant LaBone, LLC, d/b/a Quest Diagnostics, Inc.*

By: /s/ Brett D. Fallon
Brett D. Fallon
222 Delaware Avenue
Suite 1410
Wilmington, DE 19801
Tel. (302) 467-4200

Kyle E. Darch
1144 15th St, 34th Floor
Denver, CO 80202
Tel. (303) 607-3675

US.351604774.01